UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SCOTT SMITH, | Case No. 17-CV-1866 (PJS/HB) |
| Plaintiff, | |
| v. | ORDER |
| RW'S BIERSTUBE, INC. and YANZ PROPERTIES, LLC, | |
| Defendants. | |

Padraigin Browne, BROWNE LAW LLC, for plaintiff.

Edward Peter Sheu and John A. Sullivan, BEST & FLANAGAN LLP, for defendants.

This is one of dozens of lawsuits brought by plaintiff Scott Smith and his attorney, Padraigin Browne, against various businesses, alleging that Smith was deterred from patronizing those businesses because of violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  In this case, Smith alleges that he was deterred from patronizing "Bierstube Bowl & Grill"—a bowling alley and restaurant operated by defendants—because none of the business's parking spots reserved for persons with disabilities were reserved through a sign (instead, all were reserved through surface paint), one of those parking spots lacked an adjacent access aisle, and another was not located on an accessible route to the building entrance.  ECF No. 1 ¶¶ 14-15, 23.

Defendants claim that they have remedied the problems with their parking lot, and thus that this lawsuit is moot. Accordingly, Magistrate Judge Hildy Bowbeer issued a pretrial scheduling order that permits limited discovery into whether defendants have indeed remedied the problems with their parking lot. ECF No. 26. The order restricts Smith to a targeted inspection of the parking lot. Further, the order states that the Court will not entertain motions to amend the pleadings until after defendants' anticipated motion to dismiss is resolved.

This matter is before the Court on Smith's objection to these restrictions in the pretrial scheduling order. A magistrate judge's ruling on nondispositive matters may be reversed only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Having reviewed the order, the Court sees no error, clear or otherwise, in Judge Bowbeer's discovery limitation, and that limitation is affirmed. The Court finds, however, that it would be inconsistent with the liberal amendment policy of Fed. R. Civ. P. 15(a) to categorically prohibit all motions to amend pending the outcome of defendants' anticipated motion to dismiss.

*A. Site Inspection*

Smith contends that, under *Steger v. Franco, Inc.*, 228 F.3d 889 (8th Cir. 2000), he has a right to conduct a full inspection of Bierstube Bowl & Grill—inside and out—in

order to hunt for other possible violations of the ADA of which he is not presently aware. The Court disagrees.

In *Steger*, the plaintiff, a blind man, was unable to locate the restroom on the defendant's property because it lacked appropriate signage. *Id.* at 891-92. The defendant remedied the problem and moved for dismissal. *Id.* at 892. In the meantime, the plaintiff's expert had identified several other barriers that could injure the plaintiff and other blind persons. *Id.* The district court nevertheless dismissed the lawsuit, holding that the plaintiff's injury had been redressed. *Id.* The Eighth Circuit reversed, holding that the plaintiff did not need to personally encounter every barrier of which the plaintiff was aware in order to have standing to seek injunctive relief. *Id.* at 894; *see also Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1043-57 (9th Cir. 2008) (citing *Steger* and holding that, so long as a disabled person has standing to pursue injunctive relief for one alleged statutory violation, she could use discovery to uncover other potential barriers).

The Court does not agree that *Steger* gives Smith the right to conduct a full site inspection of Bierstube Bowl & Grill. The issue in *Steger* was whether the plaintiff had standing to seek relief for barriers of which he was aware but which he had not personally encountered. But the issue in this case is not whether Smith has standing; instead, the issue is whether his claims are moot because defendants have remedied

-3-

every barrier of which Smith is aware. *See Hillesheim v. Buzz Salons, LLC*, No. 16-CV-2225 (MJD/TNL), 2017 WL 3172870, at *7 (D. Minn. June 19, 2017) ("The inquiry here is not whether Hillesheim has standing to bring this lawsuit as it was in *Steger*, but whether there is anything left for the Court to address at all."), *adopted*, 2017 WL 3172751 (D. Minn. July 25, 2017).

Moreover, even if the Court were to view Smith's argument through the prism of standing, *Steger* specifically stated that, to show "injury in fact" (a requirement for standing), a plaintiff "must at least prove *knowledge* of the barriers and that they would visit the building in the imminent future but for those barriers." *Steger*, 228 F.3d at 892 (emphasis added). In other words, *Steger* addressed the standing of a plaintiff to litigate over barriers *of which he was aware*; nothing in *Steger* suggests that a plaintiff who is aware of one barrier—say, a parking spot that is reserved by surface paint instead of by a sign—has the right to inspect the entire business, inside and out, to hunt for violations of the ADA of which he is *not* aware.

Smith's objection to this aspect of Judge Bowbeer's order is overruled.

### B. Motions to Amend

Smith also objects to being barred from bringing a motion for leave to amend until the Court rules on defendants' anticipated motion to dismiss. The Court sympathizes with Judge Bowbeer's reason for imposing this restriction. One common

characteristic of the dozens—if not hundreds—of ADA lawsuits filed in this District by Browne and her stable of clients is that they are moving targets. Often, a defendant quickly remedies the violations cited by Browne in an effort to render the cases moot, and Browne responds by attempting to find other violations and amend her complaint. *See Buzz Salons, LLC*, 2017 WL 3172870, at *6 (criticizing Browne for employing "a litigation strategy designed to draw out these proceedings" and noting "serious concerns over what appears to be a moving litigation target"). The restriction imposed by Judge Bowbeer is obviously intended to keep this lawsuit from becoming yet another moving target.

That said, the Court believes that the Eighth Circuit would find an absolute prohibition on motions to amend under these circumstances to be an abuse of discretion. *Cf. Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995-96 (8th Cir. 2001) (denying leave to amend solely on the basis of a year-long delay, in the absence of any showing of prejudice, was an abuse of discretion). Under Fed. R. Civ. P. 15(a)(2), a court "should freely give leave [to amend] when justice so requires." As Smith notes, plaintiffs commonly seek leave to amend in response to motions to dismiss. Indeed, the Eighth Circuit has repeatedly cited a litigant's *failure* to seek leave to amend in response to a motion to dismiss to be a basis for denying a post-judgment leave to amend. *See Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 963-64 (8th Cir. 2015); *United States v.*

*Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 742-44 (8th Cir. 2014); *Horras v. Am. Capital Strategies, Ltd.*, 729 F.3d 798, 804-05 (8th Cir. 2013). Prohibiting all motions to amend pending the outcome of a motion to dismiss would therefore create an unfair Catch-22 for plaintiffs.

Although multiple failures to cure defects in a complaint can be a basis for denying further amendments, *Moore-El v. Luebbers*, 446 F.3d 890, 901-02 (8th Cir. 2006), this case is in its early stages. Smith is still proceeding under his original complaint, and he has not previously sought leave to amend. Assuming that Smith acquires a basis for alleging (consistent with Fed. R. Civ. P. 11) the existence of other specific architectural barriers, the Court sees no legal basis for prohibiting him from seeking leave to amend.[1]

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff's objection [ECF No. 28] to the pretrial scheduling order [ECF No. 26] is SUSTAINED IN PART and OVERRULED IN PART.

---

[1] The Court cautions Smith and Browne that, should they conclude that they have a proper basis to seek leave to amend the complaint, they must follow proper procedures in doing so. *See Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1140 (8th Cir. 2014) (a plaintiff cannot amend his complaint by raising arguments in a brief).

2.  Paragraph 7 of the order, which prohibits plaintiff from seeking leave to amend until defendants' anticipated motion to dismiss is resolved, is VACATED.

3.  The remainder of the order is AFFIRMED.

Dated: November 8, 2017              s/Patrick J. Schiltz  
                                                Patrick J. Schiltz  
                                                United States District Judge