# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Scott Smith,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>RW's Bierstube, Inc.<br>and Yanz Properties, LLC,<br><br>　　　　　Defendants. | Case No. 17-cv-1866 (PJS/HB)<br><br><br>**ORDER** |

HILDY BOWBEER, United States Magistrate Judge

　　　This matter is before the Court on Defendant R.W.'s Bierstube's ("Bierstube") Motion to Compel Site Inspection [Doc. No. 81]. By this motion, Bierstube requests that the Court order Plaintiff Scott Smith to permit it to inspect his residence and surrounding premises to take slope and clearance measurements. Smith opposes the motion on the basis that the measurements are irrelevant to the issues being litigated in the instant case and that the requested inspection is overly intrusive. For the reasons set forth below, the Court will deny the motion.

## I.　　Background

　　　Scott Smith filed a complaint against Bierstube on June 2, 2017 [Doc. No. 1]. Smith alleges that Bierstube unlawfully discriminated against him in violation of § 302(b)(1) of Title III of the ADA by failing to make its place of public accommodation fully accessible to persons that require a wheelchair to travel from place to place.

(Compl. ¶¶ 29–37.) In particular, Smith asserts that Bierstube failed to provide any parking space which complied with ADA Accessibility Guideline 502. (Compl. ¶ 23(a).) He alleges there were 106 parking spaces in the Bierstube parking lot, but only three parking spaces were reserved for patrons with disabilities and none of them were properly marked by signage. (*Id*. ¶ 23(b).) One parking space reserved for disabled patrons allegedly lacked an adjacent access aisle and an accessible route from the parking space and the building, in violation of ADA Administrative Guidelines 206.21, 208.2, 405.7.3, and 502.2. (*Id.* ¶ 23(c)-(d).) Smith further asserts that ADA compliance is required because removal of architectural barriers at Bierstube is readily achievable. (*Id.* ¶ 26.) As a result of these alleged violations, Smith asserts that he was deterred from patronizing the Bierstube and thus was discriminated against in violation of the ADA. (*Id.* ¶¶ 18-21.)

Bierstube moved to dismiss the complaint for lack of jurisdiction on November 14, 2017, asserting that it had remedied the alleged architectural barriers [Doc. No. 31]. On December 1, 2017, Smith moved to amend his complaint to add new allegations regarding different architectural barriers on the premises. (Mot. Amend [Doc. No. 40].) Those new allegations predominantly related to improper slopes in the parking lot and ramp flares that were based on measurements from a post-Complaint inspection of the premises conducted on October 25, 2017. (Mem. Supp. Mot. Leave at 2 [Doc. No. 42].) The Court granted in part Smith's motion to amend and allowed him to add allegations regarding the additional architectural barriers. (Jan. 12, 2018, Order at 17-23 [Doc.

No. 60].)[1] Bierstube subsequently withdrew its Motion to Dismiss, and answered the amended complaint on March 22, 2018 [Doc. Nos. 69, 72].

On July 3, 2018, Bierstube issued Smith a notice of site inspection under Federal Rule 34(a)(2). In particular, the notice stated:

> Defendants intend to inspect Plaintiff Scott Smith's residence at a mutually agreed date and time, under Fed. R. Civ. P. 34(a)(2), to inspect, measure, survey, photograph, and sample the residence's ramps, slopes, entries, maneuvering clearances, and other maneuvering surfaces Plaintiff uses for ingress, egress, access, and movement in and around the residence, including the residence's interior, exterior, parking spaces, curb ramps, common areas, and Plaintiff's private residence.

(Sheu Decl., Ex. 1 [Doc. No. 86-1].)[2] Smith objected to the inspection, and the parties were unable to resolve their disagreements through the meet and confer process. (Sheu Decl. ¶ 3 [Doc. No. 86].) On July 10, 2018, Bierstube filed the instant motion seeking a court order to compel the inspection of Smith's residence and surrounding areas. Bierstube argues that the inspection is warranted because it would yield relevant evidence regarding the extent to which Smith's disability is impacted by the types of architectural barriers alleged at the Bierstube, and thus define the scope of remediation he is entitled to under the ADA. Smith, on the other hand, argues that the inspection would not produce relevant evidence because the existence of architectural barriers at Smith's residence has no bearing on whether or not ADA violations exist at the Bierstube for which Smith may

---

[1] The Court denied Smith's motion to add a claim under the Minnesota Human Rights Act because Smith failed to comply with that statute's pre-suit notice requirements. (*Id.* at 23-25.)

[2] Counsel for Bierstube issued similar inspection notices in related actions *Smith v. Bradley Pizza, Inc., et al.*, Civ. No. 17-2032 (WMW/KMM) and *Dalton v. Simonson Station Stores, Inc.*, Civ. No. 17-4427 (SRN/LIB).

3

seek an injunction. Furthermore, even if the Court were to accept that the inspection could yield relevant evidence, Smith argues the inspection should nevertheless be denied because whatever limited assistance to the fact finder it may provide is significantly outweighed by the intrusiveness of the inspection.

## II. Discussion

### A. Legal Standard

Federal Rule of Civil Procedure 26(b)(1), as amended effective December 1, 2015, defines the scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Although Rule 26 is to be construed broadly, it does not permit fishing expeditions and therefore a party must make a "threshold showing of relevance" before an opposing party is "required to open wide the doors of discovery." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). The 2015 amendments to Rule 26(b)(1) made it clear that "the scope of discovery is intended to focus on the actual claims or defenses that are at issue in the litigation." *Mallak v. Aitkin Cty.*, No. 13-CV-2119 (DWF/LIB), 2016 WL 8607391, at *6 (D. Minn. June 30, 2016). In addition, Rule 26(c) "expressly provides that 'for good cause shown,' the court may 'protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense' by

4

either denying inspection or by appropriate restrictions on the inspection.'" *Luer v. St. Louis*, No. 4:17-CV-767 NAB, 2018 WL 2734986, at *2 (E.D. Mo. June 7, 2018) (quoting *Belcher v. Bassett Furniture Indus., Inc.*, 588 F.2d 904, 908 (4th Cir. 1978)).

Federal Rule of Civil Procedure 34 authorizes a party to serve on any other party "a request within the scope of Rule 26(b) to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2). If a responding party refuses to permit an inspection, Rule 37 authorizes the moving party to seek an order from the court compelling an inspection. Fed. R. Civ. P. 37(a)(3)(B)(iv). "Where a responding party . . . objects to a Rule 34 inspection, the Court should balance the parties' conflicting interests." *Minn. Mining & Mfg. Co., Inc., v. Nippon Carbide Indus. Co., Inc.*, 171 F.R.D. 246, 249 (D. Minn. 1997).

B.  **The Parties' Arguments**

Bierstube argues the Court should grant its motion to compel because inspecting Smith's residence is relevant to assessing Smith's actual need for the repairs he seeks at the Bierstube parking lot and entry area. A plaintiff alleging discrimination on account of an architectural barrier under the ADA must establish an injury-in-fact by showing that he actually encountered an architectural barrier affecting his disability. *Steger v. Franco, Inc.*, 228 F.3d 889, 893 (8th Cir. 2000). Once the plaintiff satisfies the injury-in-fact requirement, the plaintiff may seek relief for "any ADA violations in the [defendant's building] affecting his specific disability" and "need not encounter [every] barrier [ ] to

5

obtain effective relief." *Id.* at 894. A plaintiff alleging ADA parking-space violations, however, has "standing to sue for the parking-space violations she encountered" and "[t]he *Steger* case expands standing only when the plaintiff encounters a violation in a building." *Davis v. Anthony*, Inc., 886 F.3d 674, 678 (8th Cir. 2018).

Here, Bierstube asserts the inspection would determine whether the architectural barriers alleged to exist in the Bierstube parking lot also exist at Smith's apartment building. If they do, it argues, it would lay the foundation for inquiry into whether such barriers actually affect his disability. This inquiry is relevant, according to Bierstube, because Smith may not sue to remedy architectural barriers that do not affect his disability. *Steger*, 228 F.3d at 893 (noting that an ADA plaintiff "must be himself among the injured" to meet the injury-in-fact requirement). Therefore, Bierstube asserts the inspection would help to clarify the scope of Smith's standing to sue to remedy architectural barriers at the Bierstube that actually impact his disability.

Bierstube also contends it should be allowed to conduct the inspection on a sort of "turnabout is fair play" theory of discovery. Bierstube notes that Smith was allowed to inspect Bierstube's property to test the truth of Bierstube's representations that it had remediated the alleged barriers and was ADA-compliant. It argues that denying Bierstube the same opportunity to test Smith's contentions regarding the actual effect of such barriers on his disability would be unfair. Therefore, Bierstube argues it should be allowed to inspect Smith's property to assess what slopes and clearances pose actual barriers for him, rather than simply relying on Smith's representations on that topic.

Lastly, Bierstube argues it should be allowed to inspect Smith's property because Smith has squarely placed into controversy his ability to maneuver on surfaces or slopes unless they strictly comply with the ADA's guidelines. If the inspection reveals that Smith regularly navigates conditions at his residence that mirror those complained of in this lawsuit, Bierstube argues that Smith will be unable to show that he experienced the type of irreparable harm that would warrant injunctive relief. Thus, Bierstube contends the inspection of Smith's property is highly relevant to the standing inquiry as well as to the balance of the equities that factor into whether an injunction is appropriate.

Smith counters that Bierstube mischaracterizes the standing requirement for ADA plaintiffs under Eighth Circuit precedent. Under *Steger,* once a plaintiff has established injury-in-fact, as Smith contends he has here, the plaintiff has standing to sue to remedy *any* architectural barrier at the facility that affects a person with his type of disability. 228 F.3d at 893. Thus, by that standard, standing to sue under the ADA is not contingent upon an alleged architectural barrier actually preventing a plaintiff from navigating a property. *Id.* Accordingly, Smith argues that allowing the inspection of his property would not produce relevant evidence, because nothing discovered at Smith's property would inform whether or not ADA violations remain on the Bierstube premises and whether those violations must be remedied. Furthermore, he points out that the contexts are different and specific measurements taken out of context would not be comparable or relevant.

Smith additionally argues that Bierstube advances a position that is inconsistent with the language of the ADA itself by implying that Smith has not suffered an injury

unless he is denied access to Bierstube completely. The ADA provides that no person shall be "discriminated against on the basis of disability in the *full and equal enjoyment . . . of accommodations of any place of public accommodation.*" 42 U.S.C. § 12182 (emphasis added). Clearly, a person is denied full and equal enjoyment when he is completely prevented from accessing a place of public accommodation on account of architectural barriers that affect his disability. But Smith argues that denial of full and equal enjoyment also occurs whenever a place of public accommodation fails to comply with ADA Accessibility Guidelines that pertain to a person's disability, because those guidelines establish "the technical standards required for full and equal enjoyment." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 947 (9th Cir. 2011). Therefore, Smith argues that an inspection of his home would yield information that is irrelevant to this action, because learning that Smith is capable of navigating certain architectural barriers provides no defense. Irrespective of his ability to navigate non-compliant slopes and maneuvering clearances, Smith asserts non-compliant slopes and maneuvering clearances at the Bierstube prevent him from fully and equally enjoying the premises and constitute an injury redressable under the ADA.

Smith also argues that even if the Court were to find that an inspection is warranted, Smith does not have the authority to allow the inspection of the common areas at his residence—his landlord does.[3] Smith rents an apartment in Burnsville, Minnesota. (Am. Compl. ¶ 8; Mem. Opp'n Mot. Compel at 1 [Doc. No. 2].) Bierstube seeks to

---

[3] Counsel for Smith argued for the first time at the hearing held on September 3, 2018, that the motion to compel inspection should be denied on the basis that Smith lacked the authority to allow the inspection. He did not raise this point in his briefing.

inspect Smith's private residence as well as the parking lot and entrance area of the apartment building. According to Smith, his lease entitles him to control over his private residence but not the common areas of the building such as the entrance areas and parking lot. Therefore, Smith asserts that Bierstube's motion to compel inspection of the parking lot and entrance areas is not directed at the appropriate party, because Smith lacks the legal authority to authorize the inspection given that the common areas are under his landlord's control.

Finally, Smith argues that the intrusiveness of an inspection of his personal residence would outweigh any possible relevance of the information that could be derived from it.

### C. Analysis

The Court turns first to whether the requested inspection would yield relevant information. Here, Smith has alleged multiple ADA violations in the Bierstube parking lot that are entirely external to the building. But Bierstube's motion appears to seek inspection of all of the areas that Smith navigates at his residence, both inside and outside his own apartment and the building itself. To the extent that Bierstube seeks permission to inspect Smith's personal residence and other areas *inside* his apartment building, the Court finds that such an inspection is not likely to yield relevant information. Bierstube provided no basis whatsoever to support its position that measurements taken of interior residential areas would be comparable or probative of the effect of parking lot conditions on his disability.

Furthermore, the Court agrees with Smith that an inspection of his apartment

would be highly intrusive, and any possible probative value would be far outweighed by the invasion of his privacy. "[D]istrict courts should not neglect their power to restrict discovery where 'justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 926 (8th Cir. 1999) (quoting *Herbert v. Lando*, 441 U.S. 153, 177 (1979)). "As with any other form of discovery, issues of burden and intrusiveness raised by [discovery] requests" can be addressed by the Court's power to limit or proscribe discovery. Fed. R. Civ. P. 34(a) advisory committee notes to 2006 amendment. "Since entry upon a party's premises may entail greater burdens and risks than mere production of documents, a greater inquiry into the necessity for inspection [is] warranted." *Luer*, 2018 WL 2734986, at *2. Therefore, when a party seeks to inspect the premises of another party, "the degree to which the proposed inspection will aid in the search for truth must be balanced against the burdens and dangers created by the inspection." *Id.* (quoting *Belcher*, 588 F.2d at 908). Therefore, the Court will deny the motion to compel Smith to permit Bierstube to conduct an inspection inside the apartment building and inside his private residence on the dual grounds that the information sought is not relevant and the inspection would be overly intrusive.

On the other hand, the Court agrees with Defendant that measurements taken in the parking lot and near the entrance areas could be probative of disputed issues in the instant action. Smith asserts, however, that he is not the owner or manager of the building, and therefore lacks the authority to grant or deny permission to inspect the

10

common areas such as the parking lot. Rule 34 provides that a party may serve a request "to permit entry onto designated land or other property *possessed or controlled* by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property." Fed. R. Civ. P. 34(a)(2). Smith states that his lease only entitles him to control his personal living quarters and not the common areas shared by the building residents. As such, he is not entitled to "permit entry" onto the areas of the apartment building property that he does not "possess or control." *Id.*

Accordingly, the Court will deny the motion to compel inspection of the parking lot and entrance areas because Smith lacks the authority to grant that permission. Defendant is free to make arrangements to inspect the parking lot at Smith's apartment building through appropriate channels.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Compel Inspection [Doc. No. 81] is **DENIED**.

Dated: August 20, 2018    s/ *Hildy Bowbeer*
                         HILDY BOWBEER
                         United States Magistrate Judge