UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

SCOTT SMITH,                                    Case No. 17-CV-1866 (PJS/HB)

        Plaintiff,

v.                                              ORDER

RW'S BIERSTUBE, INC. and YANZ
PROPERTIES, LLC,

        Defendants.

---

        Padraigin Browne, BROWNE LAW LLC, for plaintiff.

        Edward P. Sheu and Brian J. Linnerooth, BEST & FLANAGAN LLP, for defendants.

        Plaintiff Scott Smith brought this action under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., alleging that he encountered architectural barriers while visiting Bierstube Bowl & Grill ("Bierstube"), a bowling alley and restaurant operated by defendants. The Court granted defendants' motion for summary judgment and dismissed this case for lack of jurisdiction, finding that Smith had failed to offer sufficient evidence of actual injury and therefore lacked standing. ECF No. 142.

        This matter is before the Court on defendants' motion for attorney's fees and non-taxable expenses. For the reasons that follow, defendants' motion is denied.

A. 42 U.S.C. § 12205

Defendants first seek an award of fees under 42 U.S.C. § 12205, the fee-shifting provision applicable in ADA actions. Section 12205 provides that a court, "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs . . . ."

Smith argues that defendants cannot recover attorney's fees under § 12205 "unless [the] court finds that his claim was frivolous, unreasonable, or groundless, or that [he] continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978).[1] Defendants counter that (1) the *Christiansburg* standard does not apply in ADA actions; and (2) even if *Christiansburg* applies, an award of fees is warranted.

*Christiansburg* concerned the fee-shifting provision in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(k). Like § 12205, § 2000e–5(k) grants courts the discretion to award reasonable attorney's fees to the prevailing party. Recognizing the similarity in language—as well as the similar policy considerations at play in ADA and Title VII actions—every circuit court to have addressed the issue has applied the

---

[1] Smith also argues that defendants are not "prevailing part[ies]" within the meaning of § 12205. It appears to the Court that Smith is incorrect, *see CRST Van Expedited, Inc. v. EEOC*, 136 S. Ct. 1642, 1646 (2016) ("a favorable ruling on the merits is not a necessary predicate to find that a defendant has prevailed"), but the Court need not resolve this issue.

*Christiansburg* standard to defendants' requests for attorney's fees under § 12205.[2]  *See Providence Behavioral Health v. Grant Road Pub. Util. Dist.*, 902 F.3d 448, 460 (5th Cir. 2018); *EEOC v. TriCore Reference Labs.*, 493 F. App'x 955, 960-61 (10th Cir. 2012); *Baker v. Windsor Republic Doors*, 414 F. App'x 764, 780-81 (6th Cir. 2011); *Parker v. Sony Pictures Entm't, Inc.*, 260 F.3d 100, 111-12 (2d Cir. 2001); *Bercovitch v. Baldwin Sch., Inc.*, 191 F.3d 8, 9-11 (1st Cir. 1999); *Bruce v. City of Gainesville, Ga.*, 177 F.3d 949, 950-52 (11th Cir. 1999); *Adkins v. Briggs & Stratton Corp.*, 159 F.3d 306, 307 (7th Cir. 1998); *Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1154 (9th Cir. 1997).

Relying on the Supreme Court's recent decision in *Food Marketing Institute v. Argus Leader Media*, defendants argue that applying *Christiansburg* to claims for fees under § 12205 would impermissibly impose a requirement that is not in the statutory language.  139 S. Ct. 2356, 2364 (2019) ("In statutory interpretation disputes, a court's proper starting point lies in a careful examination of the ordinary meaning and structure of the law itself.").  But *Food Marketing* was not a civil-rights case and had nothing to do with awarding attorney's fees.  More importantly, defendants' argument ignores the fact that the plain language of § 12205—like the plain language of the fee-

---

[2]In *Weisberg v. Riverside Township Board of Education*, the Third Circuit stated that it would assume, without deciding, that the *Christiansburg* standard applies to § 12205. 272 F. App'x 170, 173 n.2 (3d Cir. 2008).  In an earlier ADA case, however, the Third Circuit applied *Christiansburg* without qualification.  *See EEOC v. Hesco Parts Corp.*, 57 F. App'x 518, 522-23 (3d Cir. 2003).

shifting provision in Title VII—provides an open-ended grant of discretion. *Christiansburg* sets forth guidelines for exercising that discretion; in other words, applying *Christiansburg* to § 12205 *implements*—rather than ignores—the plain language of the statute. For these reasons, the Court follows every other court that has addressed the matter and applies the *Christiansburg* standard to defendants' request for attorney's fees.

Although it is a close question, the Court cannot find that Smith's claim was "frivolous, unreasonable, or groundless, or that [Smith] continued to litigate after it clearly became so." *Christiansburg*, 434 U.S. at 422. It is true that Smith clearly testified that when he visited Bierstube in May 2017, he was not intending to patronize the business. And as the Court held, the fact that Smith had no intent to patronize the business meant that he suffered no actual injury on account of the alleged architectural barriers and therefore lacked standing to challenge those barriers. But before reaching this conclusion, the Court had to carefully parse and synthesize a number of Eighth Circuit cases and distinguish those cases from *Steger v. Franco*, 228 F.3d 889 (8th Cir. 2000), which articulates a broad view of standing to challenge architectural barriers under the ADA and which is in some tension with later Eighth Circuit decisions. Given the rather abstruse nature of the governing precedent, Smith's argument in favor of standing cannot be characterized as frivolous.

Defendants also argue that Smith has never presented any evidence that the architectural changes he demands are "readily achievable." *See* 42 U.S.C. § 12182(b)(2)(A)(iv). But defendants do not cite any binding authority that clearly imposes a burden on plaintiffs with respect to this issue. Setting that aside, the Court cannot say that Smith's decision to base his feasibility arguments on a comparison of defendants' profits with the cost of resurfacing a parking lot renders his claims frivolous. The Court therefore denies defendants' motion for an award of attorney's fees under § 12205.

*B. Fed. R. Civ. P. 68*

On June 7, 2018, defendants purported to make a settlement offer to Smith under Fed. R. Civ. P. 68. In relevant part, defendants' offer was as follows:

> Defendants invite Plaintiff to visit Defendants' premises to test its accessible parking spaces, access aisles, and access path, to identify any actual access barriers impeding or interfering with Plaintiff's ability to access the entry, and offer to remove any actual access barrier Plaintiff encounters.
>
> This offer includes all Plaintiff's claims including for attorney's fees, costs, and non-taxable expenses demanded in this action.

Sheu Decl. ¶ 6 & Ex. 3. Smith did not accept the offer and the Court later entered judgment against him. As a result, defendants argue, they are entitled to recover attorney's fees as part of the "costs" recoverable under Rule 68(d), which shifts costs

when "the judgment that the offeree finally obtains is not more favorable than the unaccepted offer . . . ."

There are a number of problems with defendants' argument. To begin with, the Court doubts whether defendants' offer was a qualifying offer of judgment under Rule 68. To be valid, an injunction must "state its terms specifically" and "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1)(B), (C). Defendants' offer does not specifically require defendants to do anything other than invite Smith to visit their exterior premises—something that he can do without an invitation. And a promise to "remove any actual access barrier Plaintiff encounters" appears to the Court to be little more than an invitation to engage in another round of argument (if not litigation) over what constitutes an "actual access barrier" and whether it has been "remove[d]."

Setting that aside, defendants' argument suffers from two fatal defects: First, Rule 68(d)—the fee-shifting component of Rule 68—is triggered only when the *plaintiff* has obtained a judgment in his favor that is less favorable than the defendant's offer; it does not apply when judgment is entered in favor of the *defendant*. *See Delta Air Lines, Inc. v. August*, 450 U.S. 346 (1981). Defendants argue that the Eighth Circuit has held that Rule 68(d) applies when a defendant prevails on an ADA claim. *See Pittari v. Am. Eagle Airlines, Inc.*, 468 F.3d 1056, 1064 (8th Cir. 2006) (reversing judgment in plaintiff's

favor and remanding for an award of costs under Rule 68(d)). But the Eighth Circuit's decision in *Pittari* cannot be squared with the U.S. Supreme Court's decision in *Delta Air Lines*, which the Eighth Circuit did not mention and seemed to have overlooked. Indeed, after the case was remanded, the district court recognized that *Pittari* could not be reconciled with *Delta Air Lines* and declined to award costs under Rule 68(d). *Pittari v. Am. Eagle Airlines*, 243 F.R.D. 317, 318 (W.D. Ark. 2007).

Defendants also argue that *Delta Air Lines* does not control when a case is dismissed for lack of jurisdiction rather than on the merits. *Delta Air Lines* relied on the language of Rule 68(d), however, and that language requires that the *plaintiff* obtain a judgment in his favor. *Delta Air Lines*, 450 U.S. at 351-52. However one might characterize a dismissal for lack of jurisdiction, it cannot possibly be considered a judgment in the plaintiff's favor.

Even if Rule 68(d) applied, defendants would still not be entitled to recover attorney's fees under that provision. It is true that, where the underlying fee-shifting statute includes attorney's fees in its definition of "costs," an award of costs under Rule 68 includes attorney's fees. *See Marek v. Chesny*, 473 U.S. 1, 9 (1985) ("where the underlying statute defines 'costs' to include attorney's fees, we are satisfied such fees are to be included as costs for purposes of Rule 68"). But § 12205 does not define recoverable "costs" to include attorney's fees. 42 U.S.C. § 12205 (permitting an award of

"a reasonable attorney's fee, including litigation expenses, and costs"); *Webb v. James*, 147 F.3d 617, 622 (7th Cir. 1998) ("Under the plain language of [§ 12205], Congress did not define costs to include fees for the purposes of the ADA."); *cf.* 42 U.S.C. § 2000e–5(k) (permitting an award of "a reasonable attorney's fee . . . as *part* of the costs" (emphasis added)). Defendants are therefore not entitled to recover attorney's fees under Rule 68.

### C. 28 U.S.C. § 1927

Finally, defendants seek an award of fees under 28 U.S.C. § 1927, which states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

"Courts should construe § 1927 strictly and impose sanctions only when attorney conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *SPV-LS, LLC v. Transamerica Life Ins. Co.*, 912 F.3d 1106, 1113 (8th Cir. 2019) (cleaned up). As discussed above, the Court does not view this action as frivolous given the murkiness of the controlling Eighth Circuit precedent, nor did plaintiff's counsel otherwise unreasonably and vexatiously multiply the proceedings. Sanctions under § 1927 are therefore not warranted.[3] *Cf. Wolfchild v.*

---

[3]Defendants also seek sanctions under the Court's inherent authority to discipline attorneys who abuse the judicial process. For the reasons already explained,
(continued...)

*Redwood Cty.*, 824 F.3d 761, 771 (8th Cir. 2016) (reversing award of sanctions under § 1927 because the sanctioned party had "made good-faith, nonfrivolous arguments distinguishing, calling for modifications, or seeking extensions of existing law").

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendants' motion for attorney's fees and non-taxable expenses [ECF No. 144] is DENIED.

Dated: December 2, 2019     s/Patrick J. Schiltz
                            Patrick J. Schiltz
                            United States District Judge

---

[3](...continued)
the Court finds that Smith's attorney did not abuse the judicial process.

Finally, Smith suggests that some of defendants' arguments in favor of a fee award are themselves sanctionable. The Court does not agree. Like Smith, the defendants approached—but did not quite cross—the line separating aggressive from frivolous arguments.